H. JOSEPH ESCHER III (No. 85551)
h.joseph.escher@dechert.com
LILY A. NORTH (No. 260709)
lily.north@dechert.com
DECHERT LLP
One Bush Street, Suite 1600
San Francisco, California 94104
Telephone:   415.262.4500
Facsimile:   415.262.4555

RONALD J. PABIS (Pro Hac Vice)
pabisr@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:   202.331.3210
Facsimile:   202.261.0118

Attorneys for Plaintiff
AMKOR TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMKOR TECHNOLOGY, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TESSERA, INC.,<br><br>　　　　　Defendant. | Case No. 4:14-cv-03604-EJD<br><br>PLAINTIFF AMKOR TECHNOLOGY, INC.'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE TO DISTRICT OF DELAWARE<br><br>Date: January 23, 2015<br>Time: 9:00 a.m.<br>Courtroom: 4<br>Judge: Edward J. Davila |

# **TABLE OF CONTENTS**

**Page**

I.   STATEMENT OF RELIEF ................................................................................................ 1

II.  STATEMENT OF RELEVANT FACTS ........................................................................... 1

   A.   Arbitration Proceedings From 2006 Through 2012 ................................................ 2

   B.   Tessera First Invoked The Jurisdiction Of The District Of Delaware To Address Patent Infringement Claims ...................................................................... 3

   C.   This Case Was Filed Later In California State Court ............................................. 3

   D.   *Inter Partes* Review Of The '076 Patent ................................................................. 3

   E.   Amkor Moves To Vacate, Correct, Or Modify And Tessera Moves To Confirm Partial Award No. 5 In Different Forums ............................................... 5

III. ARGUMENT ...................................................................................................................... 6

   A.   The First To File Doctrine Supports Transfer Of This Case To Delaware Or, At Minimum, A Stay Of This Action ............................................................... 6

   B.   Under 28 U.S.C. § 1404(a), This Case Should Be Transferred To Delaware ........ 9

   C.   Amkor's Motion To Transfer Can And Should Be Decided Prior To Tessera's Expected Motion To Remand ............................................................... 11

IV.  CONCLUSION ................................................................................................................ 13

# **TABLE OF AUTHORITIES**

**CASES**

*Alcon Res. v. Neev*,
   No. IPR2014-00217, 2014 WL 1917933 (PTAB May 9, 2014) ............................................... 4

*Allison v. Allstate Ins. Co.*,
   No. 96-2757, 1997 WL 31175 (W.D. La., Jan. 22, 1997) ...................................................... 12

*Alltrade, Inc. v. Uniweld Prods. Inc.*,
   946 F.3d 622 (9th Cir. 1991) ............................................................................................... 6, 8

*Amkor Tech., Inc. v. Tessera, Inc.*,
   No. IPR2013-00242, 2013 WL 5653117 (PTAB Oct. 11, 2013) ............................................ 4

*Barnes v. Resolution Trust Corp.*,
   No. 91-2900, 1992 WL 19113 (D.D.C. Jan. 17, 1992) ......................................................... 12

*Burse v. Purdue Pharm. Co.*,
   No. 04-594 SC, 2004 WL 1125055 (N.D. Cal. May 3, 2004) ......................................... 11, 12

*Cadenasso v. Metropolitan Life Ins. Co.*,
   No. 13-05491 JST, 2014 WL 1510853 (N.D. Cal. Apr. 15, 2014) ......................................... 6

*California Dep't of Water Res. v. Powerex Corp.*,
   653 F. Supp. 2d 1057 (E.D. Cal. 2009) .................................................................................. 9

*Duong v. ITT Educational Services, Inc.*,
   No. 14-2653 PJH, 2014 WL 3772829 (N.D. Cal. July 31, 2014) ..................................... 1, 11

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
   No. 13-4202 SI, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014) ................................................. 8

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
   721 F.3d 1330 (Fed. Cir. 2013) ........................................................................................... 4, 5

*Gould v. National Life Ins. Co.*,
   990 F. Supp. 1354 (M.D. Ala. Jan. 13, 1998) ....................................................................... 12

*Hawkes v. Hewlett-Packard Co.*,
   No. 10-05957-EJD, 2012 WL 506569 (N.D. Cal. Feb. 15, 2012) ........................................ 10

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008) ............................................................................................... 9

*Inherent.com v. Martindale-Hubbell*,
   420 F. Supp. 2d 1093 (N.D. Cal. 2006) .................................................................................. 7

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) .......................................................................................... 9, 10, 11

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir. 1982) ..................................................................................................... 6, 7

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*,
    No. 08-0930 PJH, 2008 WL 3833576 (N.D. Cal. Aug. 15, 2008) ............................................ 9

*Schouman v. Schouman*,
    No. 96-11588, 1996 WL 721195 (D. Mass. Dec. 10, 1996) .................................................. 12

*Sovak v. Chugai Pharmaceutical Co.*,
    280 F.3d 1266 (9th Cir. 2002) ................................................................................................ 11

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
    996 F.2d 1236 (Fed. Cir. 1993) ................................................................................................ 4

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) .................................................................................................................. 9

*Williams v. Bowman*,
    157 F. Supp. 2d 1103 (N.D. Cal. 2001) .................................................................................. 10

**STATUTES**

28 U.S.C. § 1404(a) ........................................................................................................................ 9

28 U.S.C. § 1454 ............................................................................................................................ 5

**OTHER AUTHORITIES**

37 C.F.R. § 42.100(c) ..................................................................................................................... 4

## NOTICE OF MOTION AND MOTION TO TRANSFER

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT, on January 23, 2015 at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 4, United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, California, Defendant Amkor Technology, Inc. will and hereby does move for an order transferring the above-captioned action to the United States District Court for the District of Delaware pursuant to the "first to file" doctrine and/or pursuant to 28 U.S.C. § 1404(a).  In the alternative, Amkor seeks a stay of this action until decision of an earlier filed parallel action in the United States District Court for the District of Delaware involving the same parties, the same issues, and the same patent.  This motion is based upon this notice of motion, the memorandum set forth below, the accompanying declarations of Lily A. North, and such other written and oral arguments as may be presented to the Court.

## STATEMENT OF THE ISSUE TO BE DECIDED

(Civil Local Rule 7-4(a)(3))

For the convenience of the parties and the preservation of judicial economy, should this case be transferred to the District of Delaware pursuant to the "first to file" doctrine and/or 28 U.S.C. § 1404(a)?  Alternatively, should this case be stayed pursuant to the "first to file" doctrine until a co-pending action in the United States District Court for the District of Delaware involving the same parties, the same issues, and the same patent is decided?

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     STATEMENT OF RELIEF

Amkor Technology, Inc. ("Amkor") requests transfer of this action to the United States District Court for the District of Delaware, where District Judge Sue L. Robinson currently presides over a two-year old parallel lawsuit filed by Tessera, Inc. ("Tessera") involving the same issues, the same technology, the same patent, and the same two parties.  *See Tessera, Inc. v. Amkor Tech., Inc.*, No. 12-00852 (SLR) (D. Del. filed July 6, 2012) (the "Delaware Action"). Alternatively, Amkor requests a stay of this proceeding until a final judgment is entered in the Delaware Action.  Because this motion is not jurisdictional, this threshold issue should be decided first by this Court and Tessera's anticipated request for remand should be transferred the District of Delaware.  *See Duong v. ITT Educ. Servs., Inc.*, No. 14-2653 PJH, 2014 WL 3772829, at *5 (N.D. Cal. July 31, 2014) ("the court is not required to determine subject matter jurisdiction before ordering a case transferred").

## II.    STATEMENT OF RELEVANT FACTS

On May 9, 1996, Amkor entered into a License Agreement with Tessera regarding certain of Tessera's patents, including U.S. Patent No. 7,046,076 (the "'076 Patent"), and know-how related to integrated circuit packaging.  *See* Declaration of Lily A. North, filed herewith, ("North Decl.") Ex. 1 (License Agreement).  The License Agreement would expire by its own terms on May 9, 2011.  *See id.* at 1 § X.A.  The License Agreement further stated that if it were terminated earlier by either party, Amkor's obligation to pay royalties to Tessera would also be terminated. *See id.* §§ X.A & X.H.  The "Survival Clause" of the License Agreement makes clear that the only royalty that survived termination of the agreement was Amkor's "obligation to make payment to Tessera *accrued under this Agreement on or prior to expiration or termination*."  *Id.* § X.I.1.  Thus, any payment(s) after expiration or termination of the License Agreement could only be collected via an infringement suit filed in federal district court.  The License Agreement contained an arbitration clause and it is undisputed that the arbitration clause does not encompass arbitration of post-license patent infringement claims, over which federal courts have exclusive jurisdiction.  *Id.* § XVI.A.

### A.     Arbitration Proceedings From 2006 Through 2012

Many years into the License Agreement, a dispute arose between the parties regarding royalty payments. Tessera initiated a first arbitration in 2006, conducted under the Rules of Procedure of the International Chamber of Commerce ("ICC"), alleging that Amkor owed Tessera royalties under the License Agreement in excess of $115 million. *See* North Decl. Ex. 2 (Partial Award No. 3) ¶ 6. That first arbitration ended in early 2009 with an award of $60,610,285 for Tessera. Amkor paid the award in full and as scheduled. *See id.* The first arbitration, however, did not end the parties' disputes, as Tessera continued to make allegations against both Amkor and its customers.

Thus, in 2009 Amkor requested a second arbitration, also under the ICC Rules of Procedure, for a declaration that it was a licensee in good standing and that the License Agreement remained in effect. *See* North Decl. Ex. 2 (Partial Award No. 3) ¶¶ 4 & 7. Tessera counterclaimed seeking to terminate the License Agreement and asserting that Amkor owed Tessera in excess of $400 million in additional royalties under the License Agreement. *See id.* ¶ 7.

On July 5, 2012, the arbitrators made liability determinations in Partial Award No. 3, finding for Amkor on some issues, but also deciding that certain Amkor packaging processes infringed claims 1 and 6 of the '076 Patent. *See* North Decl. Ex. 2 (Partial Award No. 3) ¶ 94. The arbitrators also decided that Tessera had terminated the License Agreement as of February 17, 2011, three months before it would have naturally expired. *Id*. ¶¶ 313 & 331. Despite finding the License Agreement terminated, the arbitrators improperly concluded that the License Agreement required Amkor to continue paying royalties on the '076 Patent for an additional 17 months *after* the termination. *See id*. ¶ 314 ("[B]ecause Amkor has continued to manufacture products covered by the license [after its termination], Tessera is entitled to royalties, at the original royalty rate from 17 February 2011 [the date of termination], through the date of this Tribunal's judgment [on July 5, 2012].").

On May 9, 2014, the arbitrators issued Partial Award No. 5, which determined damages based on the liability determinations in Partial Award No. 3. *See, e.g.*, Ex. 3 (Partial Award No.

5) ¶ 16.  Partial Award No. 5 awarded approximately $113 million in royalties to Tessera for Amkor's use of the process in claims 1 and 6 of the '076 Patent. *See id.* Ex. 4 (Addendum to Partial Award No. 5) ¶¶ 17-19.  Of that, $91 million is related to infringement royalties for the '076 Patent, with approximately $44 million constituting post-termination royalties.

### B.  Tessera First Invoked The Jurisdiction Of The District Of Delaware To Address Patent Infringement Claims

On July 6, 2012, the day after issuance of Partial Award No. 3, Tessera filed the Delaware Action accusing Amkor of ongoing infringement of the same '076 Patent at issue in the ICC arbitration proceedings.  Tessera cited Partial Award No. 3 as the basis for its claims.  *See* North Decl. Ex. 5 (Tessera's Delaware Action Complaint) ¶ 11.  As part of that lawsuit, Tessera seeks damages resulting from Amkor's alleged infringement of the '076 Patent.  Amkor counterclaimed seeking a declaratory judgment that the '076 Patent is invalid and not infringed. *Id.* Ex. 6 (Amkor's Delaware Action Answer and Counterclaims) ¶¶ 9-14.  Tessera filed a "Counterclaim in Reply" on April 29, 2013, again asserting infringement, *id*. Ex. 7 (Tessera's Delaware Action Reply to Amkor's Counterclaims) ¶¶ 6-13, to which Amkor responded on May 23, 2013.  *Id.* Ex. 8 (Amkor's Delaware Action Answer to Tessera's Counterclaims in Reply).

### C.  This Case Was Filed Later In California State Court

Tessera never moved to confirm Partial Award No. 3, and that Partial Award has never been reduced to judgment.  On March 4, 2013, Amkor sought to vacate Partial Award No. 3 in this removed proceeding then before the San Francisco County Superior Court, but the California state court held that it lacked jurisdiction over the matter, that the case did not fall within the limited exceptions under the California Arbitration Act, and that Amkor's petition was untimely. *See* North Decl. Ex. 9 (June 25, 201 Order) at 2, 4-5.  That order was appealed to the Court of Appeal of the State of California First Appellate District, Division Three, Case No. A139596.

### D.  *Inter Partes* Review Of The '076 Patent

On April 9, 2013, Amkor petitioned the Patent Trial and Appeal Board ("PTAB") for an *inter partes* review ("IPR") of the '076 Patent, including claims 1 and 6.  In granting Amkor's petition, the PTAB made a preliminary finding that the challenged claims of the '076 Patent

1    should be cancelled because they never should have been issued in the first place.  See *Amkor*
2    *Tech., Inc.*, No. IPR2013-00242, 2013 WL 5653117 (PTAB Oct. 11, 2013).  The IPR trial hearing
3    took place on June 12, 2014, and the PTAB must issue a final decision by October 11, 2014.  *See*
4    37 C.F.R. § 42.100(c).

5    Affirmance of the PTAB's preliminary decision that claims 1 and 6 of the '076 Patent are
6    not patentable would nullify any award for damages resulting from infringement of the '076
7    Patent and make Partial Award No. 5 un-confirmable.  *See Fresenius USA, Inc. v. Baxter Int'l,*
8    *Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("when a claim is cancelled, the patentee loses any
9    cause of action based on that claim, and any pending litigation in which the claims are asserted
10   becomes moot."); *rehearing en banc denied*, 733 F.3d 1369 (Fed. Cir. 2013) (*per curiam*), *cert.*
11   *denied,* 134 S. Ct. 2295 (2014); *see also Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 996
12   F.2d 1236 (Fed. Cir. 1993) (damages may not be awarded on a cancelled claim).  If the PTAB
13   affirms its preliminary finding that claims 1 and 6 of the '076 Patent are unpatentable, as Amkor
14   expects it will, Tessera "no longer has a viable cause of action" and the action must be dismissed
15   without any damages.  *Fresenius USA, Inc.*, 721 F.3d at 1347; *see also Standard Havens Prods.,*
16   *Inc.*, 996 F.2d 1236 (same).  Thus, there is a "reasonable probability" that the claims of the '076
17   Patent—the sole basis for $91 million in Partial Award No. 5, North Decl., Ex. 4 ¶¶ 17-19—will
18   be cancelled retroactively, as if those claims had never existed.

19   Tessera effectively has admitted that the PTAB determinations will affect this case and the
20   Delaware Action by repeatedly attempting to derail the IPR based on the arbitration proceedings.
21   First, Tessera argued that the arbitration barred the PTAB from instituting the IPR, an argument
22   the PTAB soundly rejected.  *See Amkor Tech., Inc. v. Tessera, Inc.*, No. IPR2013-00242, 2013
23   WL 5653117 (PTAB Oct. 11, 2013).  Second, Tessera brought a separate motion to terminate the
24   IPR based upon the arbitration, which elicited the same rejection.  *See Amkor Tech., Inc. v.*
25   *Tessera, Inc.*, No. IPR2013-00242, Paper No. 98 (PTAB Jan. 31, 2014); *cited by Alcon Res. v.*
26   *Neev*, No. IPR2014-00217, 2014 WL 1917933, at **5-6 (PTAB May 9, 2014) (affirming the
27   logic in *Amkor*).  Most recently, on April 14, 2014, Tessera terminally disclaimed the remaining
28   term of the '076 Patent and told the PTAB that the IPR of the '076 Patent must therefore be

dismissed.  The PTAB refused to enter the terminal disclaimer on the record, concluding that procedural maneuvering should not delay the disposition of the IPR.  Despite Tessera's extraordinary attempts to avoid the IPR, the PTAB's decision will decide whether Partial Award No. 5 is confirmable.  *See Fresenius USA, Inc.*, 721 F.3d at 1340.

### E. Amkor Moves To Vacate, Correct, Or Modify And Tessera Moves To Confirm Partial Award No. 5 In Different Forums

On November 13, 2013, at the parties' request, the Delaware Action was stayed "pending the determination by the [ICC] . . . identifying the packages on which the ICC will award damages under [the '076 Patent] through July 5, 2012."  *See* North Decl. Ex. 10 (Delaware Stipulation and [Proposed] Order to Stay the Litigation) & 11 (docket entry ordering stay of litigation).  The stay was "without prejudice to either party's right to seek appropriate relief in [the Delaware Action] following the conclusion of the ICC arbitration or in light of" the IPR.  *See id.*  Because Partial Award No. 5 identifies the packages for which the Tribunal awarded damages, the stay in the Delaware Action is now lifted.  On May 27, 2014, Amkor appropriately filed a Motion to Vacate, Modify, or Correct Partial Award No. 5 in the Delaware Action. North Decl. Ex. 12.

Instead of litigating Partial Award No. 5 in the Delaware Action, Tessera's own forum of choice, on July 14, 2014, Tessera filed a Petition to Confirm Partial Award No. 5 in this action in California state court.  *See* August 8, 2014 Amkor's Notice of Removal, Ex. 2 (Tessera's Notice of Pet. to Confirm an Arbitration Award) ECF No. 2-2.  Tessera's Petition to Confirm is nothing more than the flip-side of Amkor's previously-filed Delaware Motion to Vacate, Modify, or Correct Partial Award No. 5.  In an abundance of caution, on August 8, 2014, Amkor timely filed in California state court a Response to Tessera's Petition to Confirm and a second Petition to Vacate, Modify, or Correct Partial Award No. 5.  *Id.* at ECF Nos. 2-3 and 2-4.

Because the parties' Petitions and Amkor's Response filed in this case raise patent claims, Amkor removed this case to federal court pursuant to 28 U.S.C. § 1454.  Tessera is expected to request remand of this case, an issue best addressed by the District of Delaware after transfer.  As of today, there are two actions pending in two different federal district courts addressing the

identical issues, *i.e.* infringement, validity, and damages related to the '076 Patent.  The precise issue raised in this case, the enforceability of Partial Award No. 5, already is pending in the District of Delaware, and that court is best situated to handle that issue, as well as the related infringement, validity, and damages issues that have been pending there since July 2012.  Judicial economy and the convenience of the parties support consolidating these two different federal cases in a single action in Delaware, the first filed action.

## III.  ARGUMENT

### A.  The First To File Doctrine Supports Transfer Of This Case To Delaware Or, At Minimum, A Stay Of This Action

Under the "first to file" doctrine, a district court may "transfer, stay or dismiss an action when a similar complaint has been filed in another federal court." *Cadenasso v. Metro. Life Ins. Co.*, No. 13–05491–JST, 2014 WL 1510853, at *4 (N.D. Cal. Apr. 15, 2014), *citing Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).  In deciding to apply the first to file doctrine, a district court considers: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues.  *Pacesetter Sys., Inc. v. Medtronic, Inc*., 678 F.2d 93, 95 (9th Cir. 1982); *Alltrade*, 946 F.2d at 625-26.  All of those factors support application of the first to file doctrine and transfer of this case to Delaware.

There can be no dispute that the Delaware case was filed first.  Tessera filed its patent infringement action against Amkor in Delaware on July 6, 2012.  This case was not even filed in California state court until March 4, 2013, nearly eight months later.  To avoid the obvious conclusion that the Delaware Action was filed first, Tessera can be expected to argue, and has argued in the past, *see* ECF No. 2-2 (Tessera's Memorandum of Points and Authorities in Support of Its Petition to Confirm an Arbitration Award) at 86, that this case came first because this case was filed before Amkor filed its May 27, 2014 Delaware Motion to Vacate, Modify, or Correct Partial Award No. 5.  However, the date of filing of the Delaware motion is irrelevant to which action was first filed.  Ninth Circuit case law is clear that priority is determined by the date of the initial filing.  *See Alltrade, Inc.*, 946 F.2d. at 625 (first to file doctrine "may be invoked 'when a *complaint* involving the same parties and issues has already been filed in another district.'")

1  (emphasis added) (quoting *Pacesetter Sys., Inc.,* 678 F.2d at 95). Tessera's decision to file the Delaware Action eight months before this action satisfies the priority element of the first to file doctrine.[1]

The second element is equally beyond dispute because the parties to the actions in both Delaware and California, *i.e.* Amkor and Tessera, are identical.

Finally, issues being litigated in this case, especially whether the ICC arbitrators could award damages for post-termination patent infringement, are substantially similar to the patent infringement claims that have been pending in the Delaware Action for over two years. *See Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) ("The 'sameness' requirement does not mandate that the two actions be identical, but is satisfied if they are 'substantially similar'"). The enforceability of post-termination damages award in Partial Award No. 5 is undeniably "substantially similar" to whether claims 1 and 6 of the '076 Patent are valid and infringed, the damages period, and the royalty rate issues that will be decided in the Delaware Action. Tessera alleged patent infringement in the Delaware Action based on the termination decision in Partial Award No. 3, which also is the basis for Amkor's challenges to the post-termination damages award in Partial Award No. 5. *See* North Decl. Ex. 6 (Tessera's Delaware Action Complaint) ¶ 11. Tessera asserts claim and issue preclusion in the Delaware Action based on the arbitration decisions. *Id.* Ex. 7 (Tessera's Delaware Action Counterclaim in Reply) ¶ 10. Whether Partial Award No. 5 is enforceable will determine several damages issues in the Delaware Action, including whether back damages were exhausted as of February 17, 2011 (the date when the ICC arbitrators determined that the License Agreement had been terminated), as of May 9, 2011 (the date when the License Agreement would have expired of its own accord),

---

[1] In *Mave Enterprises, Inc. v. Travelers Indemnity Company of Connecticut*, the parties initiated litigation in California state court on September 9, 2009 but subsequently agreed to arbitrate their disputes. 219 Cal. App. 4th 1408, 1416 (2013). After the arbitration finished, the losing party filed a petition to vacate in federal proceedings on April 25, 2012. *Id.* at 1421. Subsequently, the winning party moved to confirm that award in the state court proceedings on April 26, 2012. *Id.* at 1420. Although the petition to confirm was filed in the state court proceedings *after* the petition to vacate was filed in federal court, the state court had priority because it acquired subject matter jurisdiction on the date the complaint was initially filed, long before the federal action began. *Id.* at 1423-24.

1   or as of July 5, 2012 (the date through which the ICC arbitrators awarded post-termination
2   royalties).  In addition, the parties' Partial Award No. 5 arguments in this case are identical to the
3   parties' Partial Award No. 5 arguments made in connection with Amkor's pending Delaware
4   Motion to Vacate, Modify, or Correct Partial Award No. 5.

5         In addition to meeting all three of the first to file factors, applying the doctrine here
6   furthers the interests of judicial economy and the convenience of the parties.  *See Alltrade*, 946
7   F.2d at 625 ("The first-to-file rule was developed to 'serve the purpose of promoting efficiency
8   well and should not be disregarded lightly.'") (quoting *Church of Scientology v. U.S. Dep't of the*
9   *Army*, 611 F.2d 738, 750 (9th Cir. 1979)).  Transfer promotes judicial efficiency by avoiding
10  duplicative litigation.  Because motions regarding the enforceability of Partial Award No. 5 are
11  before this Court and the District of Delaware and because issues decided in this case necessarily
12  will be decided in the course of resolving the parties' infringement claims and defenses in the
13  Delaware Action, it only makes sense to litigate all of these issues in a single action.  On the other
14  hand, declining to transfer the case, or granting Tessera's expected motion to remand, will
15  necessarily result in forcing the parties to continue to litigate these same issues in different courts
16  on opposite sides of the country and will risk inconsistent, or even irreconcilable, judicial
17  decisions.  This Court should transfer this action to Delaware where it can be joined in Tessera's
18  forum of choice, and the final disposition of the issues between the parties, including the issues
19  which arise under federal patent law, can be accomplished in one proceeding.  Delaware is also a
20  convenient forum for both parties, demonstrated by Tessera's decision to file its infringement
21  claim in Delaware in 2012.

22        Alternatively, Amkor requests that the California Action be stayed for the same reasons
23  set out above.  *See, e.g.*, *Cal. Dep't of Water Res. v. Powerex Corp.*, 653 F. Supp. 2d 1057, 1063
24  (E.D. Cal. 2009) ("A trial court may find it is efficient for its own docket and the fairest course
25  for the parties to enter a stay of an action before it, pending resolution of independent proceedings
26  which bear upon the case.  This rule applies whether the separate proceedings are judicial,
27  administrative, or arbitral in character, and it does not require that the issues in such proceedings
28  are necessarily controlling of the action before the court.") (quoting *Leyva v. Certified Grocers of*

1  *Cal. Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979); *see also, e.g.*, *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-4202 SI, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014) (staying the case pending resolution of IPR proceedings); *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, No. 08-0930 PJH, 2008 WL 3833576 (N.D. Cal. Aug. 15, 2008) (staying case pending resolution of proceedings before the PTAB regarding the underlying patent).

### B. Under 28 U.S.C. § 1404(a), This Case Should Be Transferred To Delaware

This Court also may transfer this case to the District of Delaware pursuant to 28 U.S.C. § 1404(a) based on (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) in the interest of justice. 28 U.S.C. § 1404(a).[2] The Court has broad discretion to transfer a case under 28 U.S.C. § 1404(a), based on an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal quotations and citations omitted). As described above, Amkor and Tessera already are litigating the enforceability of Partial Award No. 5, and related patent infringement and validity issues, in the Delaware Action. Judicial efficiency and the convenience of the Parties support transferring this case to Delaware. Indeed, Tessera chose Delaware as the forum to litigate its infringement claims in 2012. Tessera, therefore, must believe that Delaware is the most convenient forum for handling issues related to infringement of the '076 Patent. Nothing about the proceedings in California state court change that fact.

The Ninth Circuit and the Federal Circuit have enumerated a number of relevant private and public factors to consider in deciding Section 1404(a) motions. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *see also Jones*, 211 F.3d at 499. "Private factors include the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Decker Coal Co. v. Commonwealth*

---

[2] An action may be transferred to any district where venue would have been proper if it originally had been filed there. 28 U.S.C. § 1404(a); *see also Van Dusen v. Barrack*, 376 U.S. 612, 613 (1964). Amkor could have filed this case in the District of Delaware, which has had jurisdiction over the parties and the subject matter ever since Tessera filed suit there in 2012.

1  *Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986) (*quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501,
2  508 (1947)).  Having already filed an infringement action against Amkor in Delaware, Tessera
3  cannot complain that the private factors favor litigating this case in California.

4      "Public factors include the administrative difficulties flowing from court congestion; the
5  local interest in having localized controversies decided at home; the interest in having the trial of
6  a diversity case in a forum that is at home with the law that must govern the action; the avoidance
7  of unnecessary problems in conflict of laws, or in the application of foreign law; and the
8  unfairness of burdening citizens in an unrelated forum with jury duty." *Decker Coal Co.,* 805
9  F.2d at 843 (*quoting Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (internal quotation
10 marks omitted).  These factors also weigh in favor of transfer.  Both courts, the Northern District
11 of California and the District of Delaware, have busy dockets, and court congestion would not be
12 eased by having this case decided in California as opposed to Delaware.  In fact, quite the
13 opposite is true.  Denying transfer will require two already-stretched district courts to decide the
14 same and related issues litigated between the same parties.

15     In this case, the laws at issue are federal laws (the Federal Arbitration Act and the Patent
16 Act) that can be applied equally by both forums.  *See Hawkes v. Hewlett-Packard Co.*, No. 10-
17 05957 EJD, 2012 WL 506569 (N.D. Cal. Feb. 15, 2012) ("District courts are 'equally capable of
18 applying federal law.'").  With respect to having local interests decided at home, there is also no
19 conflict.  Tessera chose Delaware to decide infringement issues related to Tessera's patents and
20 both Tessera and Amkor are Delaware corporations.  Tessera, therefore, cannot argue that there
21 are any localized issues that favor the Northern District of California.

22     In addition to the factors enumerated above, other factors to be considered include: (1) the
23 plaintiff's choice of forum and (2) the feasibility of consolidation with other claims.  *See Williams*
24 *v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Jones*, 211 F.3d at 499.  Both
25 of these factors favor transfer.  Both parties' choice of forum is Delaware and transfer to
26 Delaware will allow the case to be consolidated with the claims that are already pending there,

27
28

including Amkor's Motion to Vacate, Modify, or Correct Partial Award No. 5.[3] In sum, there is no reason this case should not be transferred to Delaware; transfer supports the interests of justice and Delaware is a convenient forum for the parties to litigate their disputes.

### C. Amkor's Motion To Transfer Can And Should Be Decided Prior To Tessera's Expected Motion To Remand

Amkor has been informed that Tessera plans to file a motion to remand this case to California state court, but Tessera's expected motion should not delay a decision on this transfer motion. There is no requirement that a court determine subject matter jurisdiction before ordering a case transferred under § 1404(a) because a motion to transfer is not "a ruling on the merits." *Duong*, 2014 WL 3772829, at *5 ("the court is not required to determine subject matter jurisdiction before ordering a case transferred"). Indeed, the Northern District of California has expressly recognized "that a court's decision whether to decide on a remand or transfer motion first is extremely sensitive to the facts of the particular case." *Burse v. Purdue Pharm. Co.*, No. 04-594 SC, 2004 WL 1125055, at *1 (N.D. Cal. May 3, 2004). In *Burse*, a patent infringement case, the Northern District of California considered simultaneous motions to remand to state court and transfer to a pending multi-district-litigation ("MDL") in the Southern District of New York. The *Burse* court found transfer to be appropriate because the two cases had "identical defendants" and were "grounded in a similar factual foundation, that being Purdue's unenforceable patents." *Id.* The two cases also had "overlapping legal issues." *Id.* Given the similarities, the *Burse* court considered it "appropriate" to grant the transfer and allow the MDL court to "subsequently

---

[3] Some courts have recognized that a forum selection clause is a "'significant factor' in the court's 1404(a) analysis." *Jones*, 211 F.3d at 499. Here, Amkor acknowledges that the License Agreement contains a choice-of-law clause selecting California law. North Decl. Ex. 1 § XVI.A. There is no dispute that forum selection clause applies only to the parties' claims arising from the License Agreement, not patent infringement claims. Indeed, Tessera, not Amkor, initiated the Delaware Action, conceding that patent infringement claims should be tried in Delaware. The generic choice of law clause selects only the *substantive* law of California and does not override the application of federal procedure in federal court. *See Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir. 2002) ("a general choice-of-law clause within an arbitration provision does not trump the presumption that the FAA supplies the rules for arbitration[;] the choice-of-law clause . . . simply suppl[ies] state substantive, decisional law, and not state law rules for arbitration"). Accordingly, the pending petitions and motion to confirm and vacate, modify, or correct Partial Award No. 5 are governed by federal law, which either this Court or the District of Delaware is capable of applying.

determine whether federal jurisdiction exists and resolve the motion for remand accordingly." *Id.* The exact same considerations apply here where the two cases address the same patent infringement claims against an identical defendant (Amkor) and are grounded on the same alleged violations of the exact same patent. As in *Burse*, it is most efficient to transfer the case and allow the Delaware court to address any jurisdictional challenge.

The reasoning and holding in *Burse* are not unique to the MDL context. Numerous courts across the country have granted transfer requests outside of the MDL context and left pending remand requests for the transferee court's review. *See, e.g., Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1364 (M.D. Ala. Jan. 13, 1998) (ordering that "[r]emand may be considered by the transferee jurisdiction"); *Allison v. Allstate Ins. Co.*, No. 96-2757, 1997 WL 31175, at *1 (W.D. La. Jan. 22, 1997) (noting that "[t]he pending motion to remand was carried with the case, and is now ripe); *Schouman v. Schouman*, No. 96-11588, 1996 WL 721195, at *5 (D. Mass. Dec. 10, 1996) (granting motion to transfer and ordering that a motion to remand be "left pending, so that it may be decided in the court to which this civil action is transferred"); *Barnes v. Resolution Trust Corp.*, No. 91-2900, 1992 WL 19113, at *1 (D.D.C. Jan. 17, 1992) ("plaintiff can challenge removal more easily and with far less expense in the transferee district").

There is a very good reason to rule on Amkor's transfer motion before deciding whether to remand here. Amkor expects that Tessera's motion to remand will focus on the same arguments raised by Tessera in opposition to Amkor's May 27, 2014 Delaware motion to vacate, modify or correct Partial Award No. 5. It would be far more judicially efficient and convenient for the parties if these arguments are heard and decided by a single court. The first court to undertake these issues is Delaware and, as described above, Delaware is the forum of choice for both parties and the most convenient forum for resolving the parties' issues.

Case 5:14-cv-03604-EJD Document 10 Filed 08/20/14 Page 18 of 18

## IV. CONCLUSION

For all of the reasons articulated above, Amkor respectfully requests that this case be transferred to the District of Delaware. Alternatively, Amkor requests that this case be stayed in favor of the co-pending action in Delaware.

Dated: August 20, 2014

Respectfully submitted,

H. JOSEPH ESCHER III
LILY A. NORTH
DECHERT LLP


    */s/ H. Joseph Escher III*
H. JOSEPH ESCHER III
*Attorneys for Plaintiff*
AMKOR TECHNOLOGY, INC.

15343237.8.LITIGATION

ATTORNEYS AT LAW

- 13 -
NOTICE OF MOTION AND MOTION, AND MPA ISO MTN TO TRANSFER VENUE     4:14-cv-03604-EJD