IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMKOR TECHNOLOGY, INC., | CASE NO. 5:14-cv-03604 EJD |
| Petitioner(s), | **ORDER GRANTING RESPONDENT'S MOTION TO REMAND** |
| v. | |
| TESSERA, INC., | [Docket Item No(s). 32] |
| Respondent(s). | |

There can be no dispute that arbitration as an alternative to the formalities of traditional litigation "has become an accepted and favored method of resolving disputes, praised by the courts as an expeditious and economical method of relieving overburdened civil calendars." Madden v. Kaiser Found. Hosps., 17 Cal. 3d 699, 706-707 (internal citations omitted); Schoenduve Corp. v. Lucent Techs., Inc., 442 F.3d 727, (9th Cir. 2006) ("Arbitration offers flexibility, an expeditious result, and is relatively inexpensive when compared to litigation."); O.R. Secs., Inc. v. Prof'l Planning Assocs., Inc., 857 F.2d 742, 747 (11th Cir. 1988) (recognizing that one of "the basic purposes of arbitration" is the "fast, inexpensive resolution of claims"). But this case, which stems from a multi-part arbitration proceeding between Petitioner Amkor Technology, Inc. ("Amkor") and Respondent Tessera, Inc. ("Tessera"), is an example of what can happen when the goals of arbitration are allowed to erode, if not completely disregarded.

As will be explained in more detail, the underlying royalties dispute between Amkor and Tessera that began in arbitration was permitted to branch, in one form or another, into the California

1
CASE NO. 5:14-cv-03604 EJD
ORDER GRANTING RESPONDENT'S MOTION TO REMAND

1  state courts, then into the United States District Court for District of Delaware, and then into this
2  court when Amkor removed the California state court action; the same action it initiated, then
3  initially lost, and then appealed.

4  Tessera now moves to remand. See Docket Item No. 32. Amkor opposes that request. See
5  Docket Item No. 45. After careful consideration of this matter, the court has determined there is no
6  basis for federal jurisdiction under the statute upon which Amkor purportedly removed the case.
7  Accordingly, Tessera's motion will be granted.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Events Prior to Initiation of Removed Proceeding

In or about 1996, Tessera and Amkor entered into a licensing agreement which granted to Amkor certain rights to Tessera's patents and technology in exchange for the payment of royalties. The license agreement contained an arbitration clause. Thus, when Tessera in 2006 believed that Amkor was not paying all royalties due under the agreement, it initiated an arbitration proceeding against Amkor in California. On January 9, 2009, the arbitrators[1] awarded Tessera unpaid royalties through December 1, 2008.

Amkor then initiated another arbitration against Tessera in or about 2009. In that proceeding, Amkor sought an award in the form of a declaratory judgment that its royalty payments after December 1, 2008, were in full compliance with the licensing agreement. Amkor also ceased paying royalties to Tessera while this subsequent proceeding was pending. In response to Amkor's non-payment, Tessera terminated the parties' agreement on February 17, 2011. Amkor, however, continued to use Tessera's technology even after the agreement was terminated.

On July 6, 2012, the arbitrators resolved the proceeding initiated by Amkor by issuing Award No. 3. There, the tribunal determined that Tessera's termination of the agreement on February 17, 2011, was effective under California law, and that Tessera was entitled to the payment of royalties from Amkor from the termination date through the date of Award No. 3. The tribunal

---

[1] The same panel of arbitrators - the Honorable Fern M. Smith, the Honorable Abraham D. Sofaer, and Mr. Don Martens - presided over all of the arbitration proceedings described in this order.

did not calculate the amount of royalties owed by Amkor in Award No. 3, but instead left that determination as the subject of a further award.

On the same day it received notice of Award No. 3, Tessera filed a Complaint for patent infringement against Amkor in the United States District Court for the District of Delaware. Amkor answered the Complaint on August 14, 2012, and filed a counterclaim for a declaratory judgment of non-infringement.

### B. The Removed Proceeding

On February 27, 2013, Amkor initiated an action in San Francisco County Superior Court by filing a Petition to Correct an Arbitration Award pursuant to California Code of Civil Procedure §§ 1285 and 1286.6. In that filing, Amkor asserted that the tribunal exceeded its power when it found, as part of Award No. 3, that Amkor remained liable for royalty payments after Tessera terminated the licensing agreement. Amkor therefore sought an order from the Superior Court striking that finding from Award No. 3. Tessera opposed the Petition (and subsequent motion placing the issue on calendar), and the Superior Court denied Amkor's request for relief in an order filed on June 25, 2013.

Amkor appealed from the June 25th order, which proceeding was pending before the First District Court of Appeal at time of removal.

### C. Events After Initiation of the Removed Proceeding

After the issuance of Award No. 3, Tessera and Amkor were eventually able to agree on the calculation of royalties due thereunder. Thus, on May 9, 2014, the arbitrators issued Award No. 5, which adopted the parties' stipulated calculation and ordered Amkor to pay additional royalties to Tessera.

Amkor then filed, on May 27, 2014, a Motion to Vacate Award No. 5, not in the California state court action, but in the Delaware patent infringement action. The argument remained the same, though, despite the difference in venue: Amkor asserted, much like it did in California previously, that the tribunal exceeded its power by awarding royalties for the period after the licensing agreement was terminated. On June 20, 2014, Tessera filed a Motion to Strike Amkor's Motion to Vacate. Those motions were pending before the Delaware District Court when this case was

3
CASE NO. 5:14-cv-03604 EJD
ORDER GRANTING RESPONDENT'S MOTION TO REMAND

removed.

On July 14, 2014, Tessera filed a Petition to Confirm Award No. 5 in the California state court action, which was scheduled to be heard on August 26, 2014. In response, Amkor filed a number of documents in the California action on August 8, 2014, including an opposition to Tessera's Petition to Confirm Award No. 5 and a new, separate Petition to Vacate, Modify or Correct Award No. 5. But unlike the petition that Amkor filed to initiate the California state court action, its new Petition invoked the Federal Arbitration Act ("FAA") in addition to state statutes governing challenges to arbitration awards. Amkor's Petition also included another notable enhancement: a count for a "Declaratory Judgment of No Liability under Federal Patent Laws" along with a request for an "order and declaratory judgment that Amkor owes no royalties, damages or any other amounts to Tessera on account of or based in any way" on the infringement of Tessera's patent.

Based on the assertion of federal relief in its own Petition, Amkor filed the Notice of Removal that brought the instant action before this court.

## II.  LEGAL STANDARD

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). In general, only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b); 1332(a).

On a motion to remand, it is the removing defendant's burden to establish federal

jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." <u>Matheson v. Progressive Speciality Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003).

### III.    DISCUSSION

Citing to the declaratory judgment count it inserted into its most recent state court Petition and to other issues it believes arise under federal law,[2] Amkor removed the California state court action pursuant to 28 U.S.C. § 1454. That statute provides for the removal of actions "in which any party asserts a claim for relief under any Act of Congress relating to patents, plant variety protection, or copyrights." Removals under § 1454 must be made in accordance with the more general removal guidelines described in 28 U.S.C. § 1446, with two exceptions: "the action may be removed by any party," and the 30-day deadline to remove may be extended "for cause shown." 28 U.S.C. § 1454(b).    Tessera disagrees that removal under § 1454 was proper and raises a number of arguments in support of remand. It ultimately contends that federal subject matter jurisdiction is non-existent despite Amkor's patent-related relief due to the limited nature of the proceedings before the California state court. This court agrees that federal jurisdiction is lacking.

The analysis begins by clarifying Amkor's position on the nature of the arbitration proceedings. Prior to termination of the licensing agreement by Tessera, it is undisputed that the parties' royalty disputes arose under the agreement and were submitted to arbitration because the agreement required it. Indeed, both parties recognized this fact because they each invoked the agreement's arbitration clause by initiating different proceedings before the tribunal.

What is presently disputed by Amkor, however, is the tribunal's power to award unpaid royalties to Tessera for the period after February 17, 2011, the date upon which Tessera terminated

---

[2] The other federal law mentioned in Amkor's Petition, the FAA, does not itself provide for federal question jurisdiction. <u>See</u> <u>Carter v. Health Net of Calif., Inc.</u>, 374 F.3d 830, 835-36 (9th Cir. 2004). This is true "even when the underlying arbitration involves a federal question." <u>Luong v. Circuit City Stores, Inc.</u>, 368 F.3d 1109, 1111 (9th Cir. 2004). Nor did Amkor cite diversity of citizenship as a separate basis for removal.

the licensing agreement.  Amkor believes, as stated in the Notice of Removal, that the only remedy available to Tessera for this period was "to seek damages for the alleged invasion of its patent rights" through an infringement action filed in federal court.  See Docket Item No. 1, at ¶ 25.  This belief underlies Amkor's repeated assertion that the arbitrators exceeded their power or decided an issue not before them by awarding royalties to Tessera in Award No. 5.  This belief also underlies Amkor's contention, again in the Notice of Removal, that Tessera attempted to "evade the jurisdiction of the federal courts by seeking to obtain a judgment for infringement damages through a state court proceeding" when it moved to confirm Award No. 5 before the California state court.

The problems with Amkor's argument are many.  To begin, Amkor's characterization of Tessera's confirmation Petition and the motivation underlying it appears to be a mischaracterization of both the motive and the Petition.  Nothing presented here suggests that Tessera attempted to evade federal court jurisdiction when it sought to confirm Award No. 5.  Instead, Tessera did exactly what parties are instructed to do by California law under these circumstances, in much the same way that Amkor had previously sought to correct Award No. 3.  See Cal. Civ. Proc. Code § 1285 ("Any party to an arbitration in which an award has been made may petition to confirm, correct or vacate the award.").  Indeed, no additional legal action could be taken with respect to Award No. 5 until it was reduced to a judgment through a court action.  O'Hare v. Mun. Res. Consultants, 107 Cal. App. 4th 267, 278 (2003) ("[A]ny arbitrator's award is enforceable only when confirmed as a judgment of the superior court.").  That being said, whether or not the Delaware infringement action is some type of implicit jurisdictional recognition on Tessera's part is irrelevant to this analysis, which is confined to an examination of whether federal jurisdiction exists over *this* case.  Accordingly, the court does not impart to Tessera the same unscrupulous motive that Amkor implies in its pleadings.

But even if Amkor is correct that Tessera sought to circumvent federal court jurisdiction when it filed the confirmation Petition in California state court, such a development would not permit Amkor to insert an issue into a proceeding where it does not belong.  Amkor disregarded California law when it included the declaratory judgment count in its Petition challenging Award No. 5.  Jones v. Kvistad, 19 Cal. App. 3d 836, 840 (1971) ("[W]here an arbitration award has been

made, the superior court is limited in the extent of the relief it may grant. It may confirm the award as made or correct the award and confirm it as corrected, or it may vacate the award."). The addition of that count was similarly improper under the FAA. In re: Wal-Mart Wage & Hour Emp't Practices Litig., 737 F.3d 1262, 1266 (9th Cir. 2013) ("[F]ederal court review of arbitration awards is almost entirely limited to the grounds enumerated in the FAA, under which a court may vacate, modify, or correct an arbitration award."). The limitation on relief inherent to both statutory schemes reflects an intent to create an expedited process free from the obstructions that can often cause traditional litigation to stagnate. Id. ("The FAA provides for expedited judicial review of arbitration awards."); Cal. Civ. Proc. Code § 1290.2 ("A petition filed under this title shall be heard in a summary way . . . ."). And aside from the authority which forbids it, it certainly cannot be argued that the addition of a request for relief under patent law encourages expedition.

Moreover, in an interesting twist on its own argument, the series of events surrounding the removal at best imply, or at worst confirm, that it is actually Amkor who is seeking to evade a court's jurisdiction. Here, after obtaining an adverse ruling from the California Superior Court on essentially the same exact challenge it now raises against Award No. 5,[3] Amkor removed the action based on its own pleading because it was apparent that the Superior Court would, again, reject Amkor's argument that the arbitrators exceeded their power and then potentially grant Tessera's Petition to confirm the award. But this court is not a state court of review, nor is it one in the business of deciding cases of pure state concern. If the California Superior Court erred with respect to Award No. 3 or does err with respect to Award No. 5, Amkor's rightful remedy is seek review of the decision in the California Court of Appeal.[4] What Amkor cannot be permitted to do, though, is to create jurisdiction where none can possibly exist in order to bring a properly-situated case before

---

[3] In denying Amkor's Petition to Correct Award No. 3, the California Superior Court found that the licensing agreement's arbitration clause "is broad in scope" and "governs any disputes that arise" out of the agreement, including "the continued use of technology covered by licensed patents after termination and expiration" of the licensing agreement.

[4] As indicated above, Amkor has already sought review in the California Court of Appeal of the Superior Court's order denying its Petition to Correct Award No. 3. It purportedly removed that appellate proceeding along with this case. The questionable propriety of such a removal is understood but the issue is left unaddressed in this order because doing so is unnecessary.

a new forum.[5]  See Bell v. Hood, 327 U.S. 678, 682 (1946) (holding that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction . . . .").

Amkor argues for federal jurisdiction based on "three fundamental patent issues" that it believes are actually raised by and substantial to this action.  This argument is unpersuasive because the ultimate disposition of this case with regard to Award No. 5 does not necessarily depend on the resolution of a substantial question of federal law.  See Carter, 374 F.3d at 836.  The court has explained above why the relief that can actually be obtained from this action is limited to an order confirming, vacating or correcting the subject arbitration awards - nothing more is possible.  And for that reason, none of the "fundamental" patent issues cited by Amkor will need to be resolved, no matter how many times Amkor raises these same arguments.  The question of whether the arbitrators exceeded their powers will be answered by interpreting the language of the licensing agreement's arbitration clause, in particular the phrase "arise from, under, out of or in connection with," and not by examining whether Award No. 5 improperly awards damages for patent infringement under the guise of royalties.[6]  Similarly, questions of patentability need not be decided in this case; if anything, any doubt as to the legitimacy of the royalty-bearing patents may simply provide a reason to stay this action in favor of proceedings before the Patent Trial and Appeal Board.  In addition, whether or not Tessera complied with the notice requirements of 35 U.S.C. § 294(d) is a straightforward concern.  Even under the case cited by Amkor, which falls under the line of authority following Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005), that question does not "justify resort to the experience, solicitude, and hope of uniformity that a

---

[5] It is also worth noting that Amkor's Petition to Vacate, Modify or Correct Award No. 5 was entirely unnecessary because such relief could have been sought through a response to Tessera's confirmation Petition.  See Cal. Civ. Proc. Code § 1285.2 ("A response to a petition under this chapter may request the court to dismiss the petition or to confirm, correct or vacate the award.").  That being the case, it could be surmised that Amkor filed the extra affirmative Petition solely to provide a vehicle for its unauthorized declaratory judgment count.

[6] Federal jurisdiction would not arise from Amkor's Petition to Vacate, Modify or Correct Award No. 5 even if it had claimed - which it did not - that the arbitrators disregarded federal patent law in issuing the award because it is not clear from this record that the arbitrators did so.  See Carter, 374 F. 3d at 838.

8
CASE NO. 5:14-cv-03604 EJD
ORDER GRANTING RESPONDENT'S MOTION TO REMAND

federal forum offers on federal issues."

Because Amkor's declaratory judgment count is improper under California law, and because issues of patent law need not be decided to resolve this case in any event, the court finds that it lacks subject matter over this action. Removal under 28 U.S.C. § 1454 was therefore improper. This jurisdictional issue is dispositive, and for that reason the court does not address the parties' additional arguments. Tessera's Motion will be granted and this case will be remanded according to the order below.

## IV.   ORDER

Based on the foregoing, the Motion to Remand (Docket Item No. 32) is GRANTED for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

All other pending matters are TERMINATED and the hearing scheduled for September 12, 2014, is VACATED. The Clerk shall REMAND this action to San Francisco County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: September 9, 2014



EDWARD J. DAVILA
United States District Judge